**CLOSED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



MARVA HARRIS,

    Plaintiff,

vs.

                              Case No. 05-74244

NOVA STAR MORTGAGE,             HON. AVERN COHN
NOVA STAR, INC., PETER
SCHEIDERMAN & ASSOC. P.C.

    Defendants.

_____/



## ORDER OF DISMISSAL

    Plaintiff Marva Harris, proceeding pro se, is suing defendants Nova Star Mortgage, Nova Star, Inc. And Peter Schiederman & Associates, P.C., appearing to claim a due process violation under the 14th Amendment.

    Because plaintiff paid the requisite filing fee, the complaint is not subject to screening for sua sponte dismissal under 28 U.S.C. § 1915(e)(2). Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). A court generally may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice and the opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). When reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

    The Court has read the complaint. It is virtually unintelligible. From what can be

gleaned, plaintiff appears to have been involved in a foreclosure action in state court, case no. 05-316953 LT, in which he claims she was denied a hearing/due process. She seeks "title to property" and damages totaling $350,579.28 and a jury trial. It is not clear how the individual defendants violated her constitutional rights, although she alleges that defendants conspired which resulted in a judgment obtained by fraud.

Although it appears that plaintiff attempted to invoke the Court's federal question jurisdiction, plaintiff's claim is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476.

A fair reading of the complaint reveals that plaintiff's federal case is an impermissible attack of a state court foreclosure action relating to the same issues raised in the complaint. Because plaintiff is really seeking federal court review of a state court decision, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction.

Accordingly, the complaint is DISMISSED for lack of jurisdiction.

The Clerk is directed to return the filing fee to plaintiff.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: NOV 14 2005
Detroit, Michigan